[Civ. No. 2828. First Appellate District, Division One.—June 9, 1919.]

ELSA U. ARNOLD et al., Appellants, v. SAN FRAN-CISCO–OAKLAND TERMINAL RAILWAYS (a Corporation), Respondent.

[1] JUDGMENTS — REVERSAL ON APPEAL — NEW TRIAL — IDENTICAL FACTS—DIRECTED VERDICT.—Where, on a new trial of an action after reversal of a former judgment by the supreme court, the evidence, tested by the standard of the evidence given at the former trial as recited by the supreme court, is without material difference or addition, and presents, in substance, the identical case

which has been declared by the supreme court to be without legal merit, the trial court is justified, and it is its duty, to direct a verdict in accordance with the decision of the supreme court.'

APPEAL from a judgment of the Superior Court of Contra Costa County entered upon a directed verdict, and from an order denying a new trial. J. E. Barber, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Jay Monroe Latimer, J. E. Pemberton, Rodgers & Bray for Appellants.

W. H. Smith, A. L. Whittle, Chapman & Trefethen and Morrison, Dunne & Brobeck for Respondent.

KERRIGAN, J.—This is an appeal from a judgment entered upon a verdict rendered by a jury pursuant to direction of the trial judge, and from an order denying plaintiffs' motion for a new trial.

The same case was before the supreme court upon a previous appeal, and the law of the case upon that appeal is declared in the opinion of Mr. Justice Shaw, rendered in *Arnold* v. *San Francisco-Oakland Terminal Railways,* 175 Cal. 1, [164 Pac. 798]. That action was, and it is here, one to recover damages for death from a collision between an automobile which plaintiff's deceased husband was driving and an electric street-car, and it was there held that the contributory negligence of the deceased was such as to prevent recovery, it being shown that he was mentally and physically sound and in possession of his usual faculties, familiar with the conditions of the crossing where the accident happened, and that he saw the car coming when he was within forty-five or fifty feet of the tracks, and that instead of turning aside or stopping so as to avoid danger, he first turned to the left, then to the right, and finally attempted to cross the tracks in front of the car.

The only question presented by appellants for a reversal of the judgment is the action of the trial judge in directing the verdict herein. The trial judge, in granting the motion for a directed verdict, acted upon the theory that the evidence was the same in both trials, and that he was bound

by the law of the case.   Appellants contend, however, that
their evidence upon the second trial upon the issue of con-
tributory negligence, and upon elements of fact constitut-
ing the basis of reversal on the former appeal, was ma-
terially different, and that the trial judge committed error
in concluding that the evidence was the same in both trials.
Mr. Justice Shaw, the writer of the opinion in this case
upon the first ' appeal, succinctly outlined the controlling
facts on the question of contributory negligence as matter
of law, and from a careful review of the record we fail to
see how the testimony herein is materially different from
or additional to that given on the former trial, which the
supreme court declared conclusively showed that deceased
was guilty of contributory negligence which precluded a
recovery by plaintiffs.   The issues are identical upon both
trials, consisting of the negligence of the defendant and the
contributory negligence of deceased; and while there were
new witnesses, there is no change in the testimony under these
issues such as might be considered to have created a material
difference in the evidence.

In both trials the testimony as to the physical conditions
surrounding the accident is identical, as is also that relat-
ing to the mental and physical condition of deceased and to
his acts and omissions, both prior to and immediately pre-
ceding the collision.

The supreme court, in discussing the evidence given at
the former trial, indicated that the deceased was at a given
distance from the railroad track when he saw the car; and
it is here contended that the evidence on the second trial is
at variance with such declared distance, which constitutes
a material difference, thereby destroying the efficiency of
the rule of law of the case; and further, that the evidence
relative to the ability or lack of ability of deceased to stop
or turn the machine is likewise materially different.

Without reviewing in detail the testimony, it is sufficient
to say that it does not present a material difference upon
these questions from that given at the former trial.   It is
only upon the theory that deceased did not see the car until
within a certain distance that the testimony has any value
at all, and no new evidence permits of this assumption, nor
has it any bearing upon the issue of contributory negligence
on the part of deceased, nor does it establish a material

difference as to the negligence of defendant. One of the new witnesses testified as to distance within which automobiles operating at various speeds could be stopped, but when analyzed this testimony does not result in any material difference from that given upon the subject at the former trial. Other witnesses gave testimony concerning the distance of deceased from the track when they first observed him. No new testimony, however, was presented upon the question as to when deceased first saw the car or when it was first possible for him to do so. The testimony of the occupants of the automobile which compelled the conclusion on the appeal in the first trial that deceased was guilty of contributory negligence preventing a recovery by plaintiffs was the same upon all the material and essential facts, except that one of them did not testify at the second trial, and whatever variance appeared therefrom was admitted by them to be due to that clearer and better recollection of the facts at the time of the first trial than at the time of the second, and that their former testimony was probably correct.

[1] Tested by the standard of the evidence given at the former trial as recited by the supreme court, the evidence here is without material difference or addition, and presents, in substance, the identical case which has been declared by the supreme court to be without legal merit; and as no verdict other than one for defendant could have been rendered under the evidence, the trial court was justified, and it was its duty, to direct a verdict in favor of defendant.

For the reasons given the judgment and order are affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 9, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1919.

Shaw, J., Melvin, J., Wilbur, J., Lennon, J., and Olney, J., concurred.